**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Alishia Bankhead,

Plaintiff,

v. Case No. 1:24-cv-2827-MLB

State Farm Mutual Automobile
Insurance Company,

Defendant.

________________________________/

## OPINION & ORDER

Plaintiff sues her former employer, Defendant State Farm Mutual Automobile Insurance Company, asserting claims for race, sex, and disability discrimination and retaliation under Title VII and the Americans with Disabilities Act. (Dkt. 27.) Defendant moves to dismiss. (Dkt. 28.) The Magistrate Judge recommends granting Defendant's motion to dismiss. (Dkt. 42.) Plaintiff objects. (Dkt. 44.)

The law requires district courts to "make a de novo determination of those portions of a report and recommendation to which objection is made." *See* 28 U.S.C. § 636(b)(1). Any such objection "must specifically

identify the portions of the report and recommendation to which objection is made and the specific basis for objection." *McCullars v. Comm'r, SSA*, 825 F. App'x 685, 694 (11th Cir. 2020)[1]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

Plaintiff doesn't identify any error in the Magistrate Judge's recommendation or engage with the Magistrate Judge's analysis. So the Court reviews for clear error rather than de novo. Finding none, it adopts the recommendation and writes only to explain its conclusion that Plaintiff has not raised any valid objection requiring further review.

Plaintiff first objects to the Magistrate Judge's conclusion that the second amended complaint is a shotgun pleading warranting dismissal with prejudice. (Dkt. 44 at 1–2.) But Plaintiff does not address why that

[1] The Court recognizes *McCullars* is not binding but cites it as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

finding is wrong. She does not discuss the Magistrate Judge's analysis at all. Plaintiff says she should be permitted another opportunity to amend. But after the Magistrate Judge sua sponte ordered repleader and carefully identified the complaint's deficiencies, the Court warned Plaintiff it would "not grant [her] any further amendments," as this was "her last chance to plead the claims." (Dkt. 26 at 5.) Having squandered that opportunity, dismissal with prejudice is appropriate. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (affirming dismissal of shotgun pleading with prejudice when plaintiff "squandered [the] opportunity" to correct the previous complaint's flaws); *Ho v. Att'y Gen.*, 2023 WL 2473272, at *2 (11th Cir. Mar. 13, 2023) (affirming dismissal with prejudice of a pro se complaint as a shotgun pleading after the plaintiff was provided with one opportunity to amend); *Ramos v. Katzman Chandler PA*, 2021 WL 3140303, at *5 (11th Cir. July 26, 2021) (same).

Plaintiff next objects to the Magistrate Judge's conclusion that her Title VII claims are time-barred. (Dkt. 44 at 2–3.) Beyond repeating the allegations from her complaint and prior brief, Plaintiff does not discuss the Magistrate Judge's conclusion that the first EEOC is not

encompassed in the second EEOC charge or that equitable tolling does not apply. As to the EEOC charges, Plaintiff simply cites the "reasonably expected to grow out of" standard from *Gregory*. *See Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) ("[P]laintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."). She never applies that standard to her case, explains how that standard shows the Magistrate Judge was wrong, or otherwise engages with the Magistrate Judge's reasoning. Nor does Plaintiff explain how the Magistrate Judge erred in weighing the four equitable tolling factors under *Chang*. *See Chang v. Carnival Corp.*, 839 F.3d 993, 996–97 (11th Cir. 2016) (considering four factors when determining whether equitable tolling should apply when a plaintiff first sues in the wrong forum). So this objection does not require de novo review.

The Magistrate Judge reviewed Plaintiff's ADA failure-to-accommodate claim in detail, explained it was impossible to determine which factual allegations were intended to support her short-term disability claim or her request to work from home, and determined she did not state this claim plausibly. (Dkt. 42 at 14–15.) Plaintiff's objection

includes a short list of allegations that she says arise from her complaint. (Dkt. 44 at 3.) But she does not cite her complaint—or the record—in her summary of allegations. She says the Magistrate Judge's "characterization that it must 'sift through rambling allegations' overlooks that the ADA theory is specifically pled under Count IV and supported by factual narrative in preceding paragraphs." (*Id.* at 4.) But she does not build that out or otherwise explain how the Magistrate Judge's assessment of her claim was wrong. She essentially just says, "the Magistrate Judge was wrong." She then asserts that her re-cast allegations "satisfy the minimal pleading burden" under *Swierkiewicz.* (*Id.* at 3.) But she never explains how or why, and does not otherwise address the Magistrate Judge's thorough findings and reasoning. (*Id.*) So that is no proper objection.

She also reasserts her belief that amendment, not dismissal, is the proper remedy. But the Court has already given her that chance. *See Crockett v. Am. Express Co.*, No. 26-cv-402 (N.D. Ga. Sept. 16, 2026) (finding the "Magistrate Judge, after reasonable accommodations to Plaintiff, has proposed a thoughtful response to Plaintiff's failure to comply with necessary orders and procedures").

Plaintiff next objects to the recommended dismissal of her ADA retaliation claim, arguing the Magistrate Judge evaluated "causation at a level exceeding Rule 8 pleading standards." (Dkt. 44 at 4.) But again, Plaintiff does not say why she believes the Magistrate Judge made that error or direct the Court to any finding by the Magistrate Judge that she contends was wrong. Again, she re-casts her allegations in a series of bullets with no explanation. Her objection is untethered to the Magistrate Judge's legal reasoning and thus not warranting de novo review.

Finally, Plaintiff objects to dismissal with prejudice claiming it is legally improper because she is pro se, her claims are not futile and can be "cured by clarification," and the court did not previously include "element-specific pleading defects." (*Id.* at 5.)[2] She does not explain why her claims are not futile or otherwise provide any basis to believe she

[2] The Magistrate Judge previously explained the Rule 8 pleading standard, the elements of her discrimination and retaliation claims, the pleading deficiencies of her prior complaint, and the requirements of a valid complaint. (Dkt. 9.) She gave Plaintiff more guidance than required.

could cure the noted deficiencies with another opportunity. She certainly made no real effort to do so in her objections.

Plaintiff has already exercised the "one chance to amend" to which pro se plaintiffs are entitled in this Circuit and the law "does not require affording pro se plaintiffs multiple opportunities to amend" even if further amendments might at some point yield a plausible claim. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 894 n.5 (11th Cir. 2016); *see Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("Because [plaintiff] already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance.").[3] The Court cannot continue to coach Plaintiff through a series of amendments until she gets it right, including because

[3] *See also Garcia v. Moody*, 2023 WL 6620318, at *3 (11th Cir. Oct. 11, 2023) ("Our precedent does not necessarily require a second chance to amend, even for a pro se party."); *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 673 (11th Cir. 2016) ("[O]ur case law does not require a district court to give a pro se litigant multiple opportunities to amend."); *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) ("In light of Mr. Nawab's prior opportunity to amend his complaint and failure to cure its deficiencies, the district court properly exercised its discretion when it granted summary judgment without sua sponte inviting Mr. Nawab to amend his complaint a second time.").

doing so would unfairly prejudice Defendant as well as the hundreds of other litigants waiting in line for a ruling in their own cases. Another amendment—or a requirement that a Court provide a greater element-by-element analysis of each claim—would also foster a sue-now-and-figure-it-out-later approach, which is antithetical to the Federal Rules of Civil Procedure and the efficient resolution of civil disputes. *See Skipper v. MEB Loan Tr. IV*, 2022 WL 2389273, at *3 (N.D. Ga. Mar. 18, 2022) ("[T]he Federal Rules of Civil Procedure do not permit plaintiffs to 'file now and figure it out later.'"); *cf. Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1327 (11th Cir. 2002) ("[A]n attorney cannot file first and think later."); *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1206 (11th Cir. 1997) (declining to adopt a rule requiring parties to "sue first and ask questions later"). And, of course, the Court previously warned Plaintiff that she would have no additional opportunities to amend her complaint. Dismissal with prejudice is warranted because she has "squandered" her opportunity to cure her pleadings' deficiencies despite the Court's prior warning. *Barmapov*, 986 F.3d at 1326. The Court sees no clear error in the Magistrate Judge's conclusions, so the Court adopts her recommendations.

The Court **OVERRULES** Plaintiff's objections to the Report and Recommendation (Dkt. 44), **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Dkt. 42), **GRANTS** Defendant's motion to dismiss (Dkt. 28), and **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 29th day of September, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE